IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:19-CV-00020-KDB-DSC

| | |
|---|---|
| KLUHSMAN MACHINE INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| DINO PAOLI SRL et. al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Defendant United Race Parts LLC's "Motion for Judgment on the Pleadings, or in the Alternative, Motion to Stay" (document # 27) and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion be denied as discussed below.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Accepting the factual allegations of the Complaint as true, Plaintiff is the owner of U.S. Patent No. 8,899,134 for a wheel lug nut socket. Defendant Dino Paoli SRL ("Paoli") makes allegedly infringing products and distributes them to Defendant United Race Parts LLC ("URP"). URP sells or leases the products to NASCAR teams.

On November 11, 2019, URP filed its Motion for Judgment on the Pleadings asserting the doctrine of patent exhaustion, and in the alternative for a stay.

## II. DISCUSSION

### A. Motion for Judgment on the Pleadings Fed. R. Civ. P. 12(c)

After pleadings have closed, any party may move for judgment on the pleadings pursuant to F.R.C.P. 12(c) if no material facts are at issue and the parties' disputes can be resolved on the pleadings. See United States v. Charlotte-Mecklenburg Hosp. Auth., 248 F. Supp. 3d 720, 725 W.D.N.C. 2017) ("[a] motion for judgment on the pleadings is governed by the same standard as a motion to dismiss").

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark [] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

"Patent exhaustion is an affirmative defense to a claim of patent infringement," and the party asserting patent exhaustion bears the burden of proving the elements of that defense. Keurig, Inc. v. Sturm Foods, Inc., 732 F.3d 1370, 1373 (Fed. Cir. 2013). The doctrine of patent exhaustion "provides that the initial authorized sale of a patented item terminates all patent rights to that item." Quanta Computer, Inc. v. LG Elecs., Inc., 553 U.S. 617, 625 (2008) (emphasis added); see also Impression Prods., Inc. v. Lexmark Int'l, Inc., 137 S. Ct. 1523, 1535 (2017) ("if a patentee has not given authority for a license to make a sale, that sale cannot exhaust the patentee's rights."); Ronald A. Katz Tech. Licensing L.P. v. DirecTV Grp., Inc., 2009 U.S. Dist. LEXIS 72134, at *49 (C.D. Cal. May 1, 2009) ("Patent exhaustion only applies if the sale is authorized."). "The rationale underlying the doctrine rests upon the theory that an unconditional sale of a patented device exhausts the patentee's right to control the purchaser's use of that item thereafter because the patentee has bargained for and received full value for the goods." Keurig, 732 F.3d at 1372; see also Princo Corp. v. ITC, 616 F.3d 1318, 1328 (Fed. Cir. 2010) (en banc).

Nothing in the record indicates that Plaintiff has authorized either Defendant to sell or distribute the infringing product. See URP's "Memorandum in Support …" at 6 (document #28) ("there is not presently a license or settlement between KMI and Dino Paoli"). The cases URP cites are inapposite. See Broadcom Corp. v. Qualcomm Inc., 585 F. Supp. 2d 1187 (C.D. Cal. 2008) (other parties reached a royalty settlement); King Instrument Corp. v. Otari Corp., 814 F.2d 1560 (Fed. Cir. 1987) (plaintiff recovered damages against other defendant). The Court is unaware of any authority applying patent exhaustion prospectively as Defendant argues here.

Accordingly, the undersigned respectfully recommends that URP's Motion for Judgment on the Pleadings be denied.

B. <u>Motion to Stay</u>

The authority to stay proceedings is incidental to the power inherent in every court to control the disposition of cases on its docket. But parties seeking a stay must make out a "clear case of hardship or inequity in being required to go forward." <u>Landis v. N. Am. Co., et al</u>, 299 U.S. 248, 254 (1936) (noting that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both."). Absent compelling evidence of a "clear case of hardship or inequity" or any competing civil action, basic policy considerations dictate that motions to stay be denied. <u>Landis</u>, 299 U.S. at 255.

The Court concludes that URP has not shown a clear case of hardship or inequity. Accordingly, the undersigned respectfully recommends that URP's alternative Motion to Stay be <u>denied</u>.

### III. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant United Race Parts LLC's "Motion for Judgment on the Pleadings, or in the Alternative Motion to Stay" (document # 27) be **DENIED**.

### IV. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising

such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel and to the Honorable Kenneth D. Bell.

**SO ORDERED AND RECOMMENDED**.

Signed: January 10, 2020

David S. Cayer
United States Magistrate Judge